IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BLENDA RYLES; ALEXANDER
ZOCH; and CHRISTINE ZOCH,

       Plaintiffs,

    v.

I-FLOW CORPORATION; McKINLEY
MEDICAL, LLC; DJO INCORPORATED;
DJO, LLC; PACIFIC MEDICAL, INC.;
DAVID GAMROTH, an individual;
and EAST PORTLAND SURGERY
CENTER,

       Defendants.

Civ. No. 10-1315-AA
OPINION AND ORDER

AIKEN, Chief Judge:

    Plaintiffs filed suit against defendants alleging products liability and negligence arising from damages allegedly caused by the use of pain pump devices manufactured by I-Flow Corporation (I-Flow) and McKinley Medical LLC (McKinley) and distributed by defendants DJO, LLC (DJO) and Pacific Medical, Inc. (Pacific

1  - OPINION AND ORDER

Medical). Although plaintiffs and defendants David Gamroth and East Portland Surgery Center are residents of Oregon, the DJO defendants removed this action to federal court. DJO contends that complete diversity jurisdiction exists because Gamroth and East Portland Surgery Center are fraudulently joined as defendants.

Plaintiffs now move to remand this action to state court on grounds that they allege viable state law claims against Gamroth and East Portland Surgery Center. Plaintiffs' motion is granted.

Diversity jurisdiction requires complete diversity of citizenship between each plaintiff and each defendant. See 28 U.S.C. § 1332(a); Caterpillar, Inc. v. Lewis, 519 U.S. 61, 68 (1996); Allstate Ins. Co. v. Hughes, 358 F.3d 1089, 1095 (9th Cir. 2004). However, if a non-diverse defendant has been "fraudulently joined," the party's presence does not control the court's determination of diversity. United Computer Sys., Inc. v. AT & T Corp., 298 F.3d 756, 761-62 (9th Cir. 2002); Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001). A non-diverse defendant is deemed fraudulently joined if the plaintiff fails to state a cause of action against that defendant, and such failure is "'obvious according to the settled rules of the state.'" Morris, 236 F.3d at 1067; (quoting McCabe v. General Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987)). If doubt exists as to whether the complaint states a cause of action, it should be resolved in favor of remanding the case to state court. Moore-Thomas v. Alaska

2  - OPINION AND ORDER

Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009); Smith v. Southern Pac. Co., 187 F.2d 397, 400 (9th Cir. 1951).

According to the pleadings, plaintiffs Blenda Ryles and Alexander Zoch underwent shoulder surgery at the East Portland Surgery Center, after which pain pump catheters were inserted into their shoulder joints for pain relief. Compl., pp. 2-3. Gamroth is a sales representative for Pacific Medical who allegedly promoted such uses of the pain pumps. Plaintiffs allege claims of strict products liability against both Gamroth and East Portland Surgery Center and negligence against Gamroth, asserting that they failed to provide warnings that the safety of pain pumps had not been established for orthopedic applications despite the potential risk of cartilage damage, and that the Food and Drug Administration had not approved pain pumps for such uses.

Defendants maintain that plaintiffs fail to allege a cognizable cause of action against either Gamroth or East Portland Surgery Center. Specifically, defendants argue that Oregon law has not recognized claims of products liability against hospitals, health care providers, or medical sales representatives, and that this court has dismissed claims of negligence brought against a medical sales representative. See DaCosta v. Novartis AG, 180 F. Supp. 2d 1178, 1181 (D. Or. 2001). Defendants also argue that plaintiffs' factual allegations are insufficient, in that they fail to allege or establish that Gamroth or East Portland Surgery Center

3   - OPINION AND ORDER

are in "the business of selling pain pumps."

I do not find that plaintiffs' alleged failure to state a claim for products liability against East Portland Surgery Center is "obvious" according to the settled rules" of Oregon. Morris, 236 F.3d at 1067. This court has held that "the Oregon Court of Appeals has suggested that a products liability claim against a healthcare provider such as Legacy may, in fact, be viable under Oregon law." Snyder v. Davol, Inc., 2008 WL 113902, *1 (D. Or. Jan. 7, 2008) (citing Docken v. Ciba-Geigy, 86 Or. App. 277, 282, 739 P.2d 591 (1987)). Further, plaintiffs allege facts from which East Portland Surgery Center's status as a seller of products could be inferred. Whether such a claim is viable under Oregon law is a question appropriately addressed by the Oregon courts.

Further, although defendants identify alleged deficiencies in plaintiffs' negligence claim against Gamroth, the Complaint alleges facts from which the elements of negligence could be determined, including elements of unreasonableness and foreseeability. Compl., pp. 6-7; Graham v. Multnomah County, 158 Or. App. 106, 109-110, 972 P.2d 1215 (1999). Therefore, plaintiffs' failure to allege valid strict liability and negligence claims is not "obvious" under Oregon law, and where such doubt exists, remand is appropriate.

CONCLUSION

Plaintiffs' Motion to Remand (doc. 26) is GRANTED, and McKinley's Motion to Sever (doc. 24) is DENIED as moot. This

4 - OPINION AND ORDER

action is HEREBY REMANDED to the Circuit Court of the State of Oregon for the County of Multnomah.

IT IS SO ORDERED.

Dated this /5 day of February, 2011.

                                /s/ Ann Aiken
                                Ann Aiken
                        United States District Judge